PAUL L. REIN, Esq. (SBN 43053)
CELIA McGUINNESS, Esq. (SBN 159420)
CATHERINE M. CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
IRVING GRIFFIN

\* List of Defendants and their respective counsel listed after the caption.

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVING GRIFFIN,<br><br>    Plaintiff,<br><br>v.<br><br>WILLOW PASS ONE, LLC; JLD-WP, LLC; CALIFORNIA CHECK CASHING, LLC; CALIFORNIA CHECK CASHING, INC.; CSC PARKING MAINTENANCE ASSOCIATION; and DOES 1-10, Inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. C10-01867 MEJ<br>Civil Rights<br><br>**CONSENT DECREE AND [PROPOSED] ORDER AS TO INJUNCTIVE RELIEF ONLY** |

DAVID ANDERSON, ESQ. (SBN 167862)
BERGQUIST, WOOD & ANDERSON, LLP
1470 Maria Lane, Suite 300
Walnut Creek, CA 94596-5339
Telephone: 925/938-6100
Facsimile: 925/938-4354

Attorneys for Defendant
WILLOW PASS ONE, LLC

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ                     -1-                    S:\CASES\W\WILLOW PASS\PLEADINGS\20110208 Consent Decree & Order (FINAL).wpd

STEVEN H. BOVARNICK, ESQ. (SBN 99361)
LELAND, PARACHINI, STEINBERG,
MATZGER & MELNICK, LLP
199 Fremont St., 21st Floor
San Francisco, CA 94105
Telephone: 415/957-1800
Facsimile: 415/974-1520

Attorneys for Defendants
JLD-WP, LLC; CALIFORNIA CHECK
CASHING, LLC; CALIFORNIA
CHECK CASHING, INC.

JOHN D. BENGTSON, ESQ. (SBN 110200)
319 Barrow Ct.
Walnut Creek, CA 94598
Telephone: 925/933-0595

Attorney for Defendant
CSC PARKING MAINTENANCE
ASSOCIATION

1.    Plaintiff IRVING GRIFFIN filed a Complaint in this action on April 30, 2010, to obtain recovery of damages for his alleged discriminatory experiences, alleged denial of access, and alleged denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants WILLOW PASS ONE, LLC; JLD-WP, LLC; CALIFORNIA CHECK CASHING, LLC; CALIFORNIA CHECK CASHING, INC.; and CSC PARKING MAINTENANCE ASSOCIATION (together sometimes "Defendants"), relating to the condition of Defendants' public accommodations as of December 4, 2008, and allegedly continuing.  Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 1855 Willow Pass Road, Concord, California.  Defendants have filed Answers denying liability and asserted Affirmative Defenses.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ

-2-

S:\CASES\W\WILLOW PASS\PLEADINGS\20110208 Consent Decree & Order (FINAL).wpd

2.     Plaintiff and Defendants (together sometimes the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving injunctive relief aspects of this lawsuit without the need for protracted litigation.  Issues of damages and attorney fees, costs and expenses will be the subject of negotiations and litigation if necessary.  Defendants' sole purpose in entering into this Consent Decree is to help resolve this action without protracted litigation and expense.  Defendants deny any violations, fault, or liability, including liability for any claimed fees or expenses.  The reference or lack of reference in this Consent Decree to any claims in the report of Plaintiff's consultant shall not constitute evidence of the validity or invalidity of such claims.  The Parties agree that the liability for all claims alleged in the Complaint is denied by Defendants.

**JURISDICTION:**

3.     The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55**.**

4.     In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief raised or which could have been raised in the Complaint filed with this Court. Accordingly, the Parties agree to the entry of this Order without trial or adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

WHEREFORE, the Parties to this Consent Decree hereby agree and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ                        -3-                    S:\CASES\W\WILLOW PASS\PLEADINGS\20110208 Consent Decree & Order (FINAL).wpd

stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.     This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

6.     The Parties agree and stipulate that the required work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), unless other standards are specifically agreed to in this Consent Decree and Order.  In any instance(s) where Title 24-2 and ADAAG conflict, the Parties agree that the more strict regulation (i.e. that providing more access) shall apply.

a)     **Required Work:** The required work agreed upon by the Parties includes the following recommendations described in Plaintiff's access consultant Karl J. Danz's report, titled "Draft Site Accessibility Survey of July 28th, 2010, attached hereto as **Attachment A**:

Item Nos. 1.001 through 1.021;

Item Nos. 2.001 through 2.006; and

Item Nos. 2.011 through 2.012

Defendants JLD-WP, LLC; CALIFORNIA CHECK CASHING, LLC; CALIFORNIA CHECK CASHING, INC. agree to undertake and complete the required work identified in Item No. 1.002 in **Attachment A**.  Defendant CSC PARKING MAINTENANCE ASSOCIATION agrees to undertake and complete the required work identified in Item Nos. 1.001, 1.003 through 1.021, 2.001 through 2.006, and 2.011 through 2.012 in **Attachment A**.

Regarding Item Nos. 2.011 through 2.012, the vertical changes in elevation

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ

-4-

S:\CASES\W\WILLOW PASS\PLEADINGS\20110208 Consent Decree & Order (FINAL).wpd

and slope issues shall be resolved for the areas identified in Item Nos. 2.011 and 2.012 (i.e. level the asphalt-to-sidewalk transition depicted in **Attachment A** photos DSC_0404.jpg to DSC_0407.jpg and remedy cross slopes in the accessible parking stall and unloading zone) or the cross slope issues in the accessible parking stall and unloading zone be remedied and an alternative compliant path of travel be provided from the accessible parking space (which may include moving the accessible parking space to another location).

    b) **Timing of Required Work**: Defendants will submit plans for all required work to the appropriate governmental agencies within 60 days of the entry of this Consent Decree by the Court. Defendants will commence work within 30 days of receiving approval from the appropriate agencies. Defendants will complete all required work within 90 days of commencement of work. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon required work, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify Plaintiff's counsel when the required work is completed, and in any case will provide a status report no later than 120 days from the entry of this Consent Decree.

    c) Defendants will notify Plaintiff in writing at the end of 120 days from the Parties' signing of this Consent Decree and Order as to the current status of agreed-to required work, and every 90 days thereafter until all access is provided.

    d) Defendant CSC PARKING MAINTENANCE ASSOCIATION will make reasonable good faith efforts to obtain permits and authorizations that may be required under local law, ordinance, or other applicable law in order to accomplish the modifications required under this Order. If a city or other applicable state or local authority does not provide the permits or authorizations in a timely manner, and such delay impacts Defendant

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ

- 5 -

S:\CASES\W\WILLOW PASS\PLEADINGS\20110208 Consent Decree & Order (FINAL).wpd

CSC PARKING MAINTENANCE ASSOCIATION's ability to make any of the modifications set forth in the Order within any of the time periods set forth herein, the applicable time period(s) for Defendant CSC PARKING MAINTENANCE ASSOCIATION to make the modification(s) at issue shall be automatically extended by the period of the delay.

7.      Plaintiff, for himself and his heirs successors and anyone else who may purport to have an interest by and through Plaintiff, further agree that no claim will be made in the future for equitable relief or remedial measures to be undertaken as a result of any alleged discrimination and/or other wrongful conduct by Defendants related to the allegations in Plaintiff's Complaint in this case, and release each of the Released Parties from any such equitable relief claims arising out of Plaintiff's visit to the Park and Shop Shopping Center and California Check Cashing Store from the beginning of time to the date that this agreement is executed by Plaintiff.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

8.      The Parties have not reached any agreement regarding Plaintiff's claims for damages, attorneys fees, litigation expenses and costs, which claims are expressly denied by Defendants.  These matters will be the subject of future negotiation or litigation as necessary.  <u>The Parties jointly stipulate and request that the Court not dismiss the case as these issues remain unresolved</u>.

**ENTIRE CONSENT DECREE AND ORDER:**

9.      This Consent Decree and Order constitute the entire agreement between the signing Parties on the matters of injunctive relief, and no other statement, promise or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order shall be enforceable regarding the matters of injunctive relief

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ                           -6-                  S:\CASES\W\WILLOW PASS\PLEADINGS\20110208 Consent Decree & Order (FINAL).wpd

1  described herein.  This Consent Decree and Order applies to Plaintiff's claims for
2  injunctive relief only and does not resolve the Parties' claims for damages,
3  attorney fees, litigation expenses and costs, which shall be the subject of further
4  negotiation and/or litigation.  The Parties stipulate that all Parties request that the
5  Court not dismiss the case, as issues of statutory damages, attorney fees,
6  litigation expenses, and costs are still before the Court.

7        10.    This Consent Decree is executed without reliance upon
8  representation by either the Parties or any of their representatives.

## CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

12        11.    This Consent Decree and Order shall be binding on Plaintiff,
13  Defendants, and any successors in interest.  Defendants have a duty to so notify
14  all such successors in interest of the existence and terms of this Consent Decree
15  and Order during the period of the Court's jurisdiction of this Consent Decree
16  and Order.

## MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:

20        12.    Each of the Parties to this Consent Decree and Order understands
21  and agrees that there is a risk and possibility that, subsequent to the execution of
22  this Consent Decree and Order, any or all of them will incur, suffer or experience
23  some further loss or damage with respect to the lawsuit that is unknown or
24  unanticipated at the time this Consent Decree and Order is signed.  Except for all
25  obligations required in this Consent Decree and Order, the Parties intend that this
26  Consent Decree and Order apply to all such further loss with respect to the
27  lawsuit, except those caused by the Parties subsequent to the execution of this
28  Consent Decree and Order.  Therefore, except for all obligations required in this

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ
-7-
S:\CASES\W\WILLOW PASS\PLEADINGS\20110208 Consent Decree & Order (FINAL).wpd

Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER  MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of the Parties' claims for damages, attorney fees, litigation expenses and costs.

13.    Except for all obligations required in this Consent Decree and Order – and exclusive of the referenced continuing claims for damages, statutory attorney fees, litigation expenses and costs – each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

14.    This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ

- 8 -

S:\CASES\W\WILLOW PASS\PLEADINGS\20110208 Consent Decree & Order (FINAL).wpd

Order by the Court, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order for twelve (12) months after the date of entry of this Consent Decree and Order by the Court, or until the required work contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

15. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**MISCELLANEOUS:**

17. Plaintiff agrees to execute any and all documents necessary to carry out the terms and provisions of this Consent Decree.

18. Plaintiff has carefully read each and every term of this Consent Decree and has received advice of counsel as to the nature and extent of each of the terms and provisions hereof.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE**
**AND ORDER IS AT THE END OF THE DOCUMENT.**

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ                                  -9-                 S:\CASES\W\WILLOW PASS\PLEADINGS\20110208 Consent Decree & Order (FINAL).wpd

1  Dated: 2/18/, 2011        PLAINTIFF IRVING GRIFFIN

2

3                            *Irving Griffin*

4                            IRVING GRIFFIN

5

6  Dated: _____, 2011      DEFENDANT WILLOW PASS ONE, LLC

7

8

9                            By: _____

10                           Print name: _____

11                           Title: _____

12

13

14 Dated: _____, 2011      DEFENDANT JLD-WP, LLC

15

16

17                           By: _____

18                           Print name: _____

                             Title: _____
19

20

21

22 Dated: _____, 2011      DEFENDANT CALIFORNIA CHECK
                             CASHING, LLC
23

24

25                           By: _____

26                           Print name: _____

27                           Title: _____

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ

-10-

| | | |
|---|---|---|
| Dated: _____, 2011 | | PLAINTIFF IRVING GRIFFIN |

_____
IRVING GRIFFIN

Dated: 2/21, 2011                DEFENDANT WILLOW PASS ONE, LLC

By: _____ [signature] for Willow Pass One, LLC
Print name: Willow Pass One, LLC
Title: Manager

Dated: _____, 2011             DEFENDANT JLD-WP, LLC

By: _____
Print name: _____
Title: _____

Dated: _____, 2011             DEFENDANT CALIFORNIA CHECK CASHING, LLC

By: _____
Print name: _____
Title: _____

LAW OFFICES OF
PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ

-10-

```
 1 | Dated: _____, 2011          PLAINTIFF IRVING GRIFFIN
 2 |
 3 |
 4 |                               _____
                                   IRVING GRIFFIN
 5 |
 6 | Dated: _____, 2011          DEFENDANT WILLOW PASS ONE, LLC
 7 |
 8 |
 9 |                               By: _____
10 |                               Print name: _____
11 |                               Title: _____
12 |
13 |
14 | Dated: 2/10, 2011             DEFENDANT JLD-WP, LLC
15 |
16 |                               By: [signature] Jon B Eager
17 |                               Print name: Jonathan Eager
18 |                               Title: Managing Member
19 |
20 |
21 |
22 | Dated: _____, 2011          DEFENDANT CALIFORNIA CHECK
                                   CASHING, LLC
23 |
24 |
25 |                               By: _____
26 |                               Print name: _____
27 |                               Title: _____
28 |
```

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ

-10-

| | | |
|---|---|---|
| 1 | Dated: _____, 2011 | PLAINTIFF IRVING GRIFFIN |
| 2 | | |
| 3 | | |
| 4 | | _____ |
| 5 | | IRVING GRIFFIN |
| 6 | | |
| 7 | Dated: _____, 2011 | DEFENDANT WILLOW PASS ONE, LLC |
| 8 | | |
| 9 | | By: _____ |
| 10 | | Print name: _____ |
| 11 | | Title: _____ |
| 12 | | |
| 13 | | |
| 14 | Dated: _____, 2011 | DEFENDANT JLD-WP, LLC |
| 15 | | |
| 16 | | |
| 17 | | By: _____ |
| 18 | | Print name: _____ |
| 19 | | Title: _____ |
| 20 | | |
| 21 | Dated: Feb. 10, 2011 | DEFENDANT CALIFORNIA CHECK CASHING, LLC |
| 22 | | |
| 23 | | |
| 24 | | By: [signature] |
| 25 | | Print name: Richard Lake |
| 26 | | Title: CEO |
| 27 | | |

1  Dated: 2/17, 2011           DEFENDANT CSC PARKING
2                              MAINTENANCE ASSOCIATION
3
4                              By: *[signature: Vimal Kumar]*
5                              Print name: 2/17/2011 Vimal Kumar
6                              Title: Secretary/Treasurer
7
8  APPROVED AS TO FORM:
9
10 Dated: _____, 2011         LAW OFFICES OF PAUL L. REIN
11
12                              By: CATHERINE M. CABALO, ESQ.
                                Attorneys for Plaintiff
13                              IRVING GRIFFIN
14
15
16 Dated: _____, 2011         BERGQUIST, WOOD & ANDERSON, LLP
17
18
19                              By: DAVID ANDERSON, ESQ.
                                Attorney for Defendant
20                              WILLOW PASS ONE, LLC
21
22 Dated: _____, 2011         LELAND, PARACHINI, STEINBERG,
                                MATZGER & MELNICK, LLP
23
24
25                              By: STEVEN H. BOVARNICK, ESQ.
                                Attorney for Defendants
26                              JLD-WP, LLC; CALIFORNIA CHECK
                                CASHING, LLC; and CALIFORNIA CHECK
27                              CASHING, INC.
28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ                                              -11-

| | | |
|---|---|---|
| 1 | Dated: _____, 2011 | DEFENDANT CSC PARKING MAINTENANCE ASSOCIATION |
| 2 | | |
| 3 | | |
| 4 | | By: _____ |
| 5 | | Print name: _____ |
| 6 | | Title: _____ |
| 7 | | |
| 8 | APPROVED AS TO FORM: | |
| 9 | | |
| 10 | Dated: February 18, 2011 | LAW OFFICES OF PAUL L. REIN |
| 11 | | *[signature]* |
| 12 | | By: CATHERINE M. CABALO, ESQ. |
| 13 | | Attorneys for Plaintiff IRVING GRIFFIN |
| 14 | | |
| 15 | Dated: _____, 2011 | BERGQUIST, WOOD & ANDERSON, LLP |
| 16 | | |
| 17 | | |
| 18 | | _____ |
| 19 | | By: DAVID ANDERSON, ESQ. Attorney for Defendant WILLOW PASS ONE, LLC |
| 20 | | |
| 21 | Dated: _____, 2011 | LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP |
| 22 | | |
| 23 | | |
| 24 | | _____ |
| 25 | | By: STEVEN H. BOVARNICK, ESQ. Attorney for Defendants JLD-WP, LLC; CALIFORNIA CHECK CASHING, LLC; and CALIFORNIA CHECK CASHING, INC. |
| 26 | | |
| 27 | | |
| 28 | | |

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ

-11-

S:\CASES\W\WILLOW PASS\PLEADINGS\20110208 Consent Decree & Order (FINAL).wpd

1  Dated: _____, 2011     DEFENDANT CSC PARKING
2                              MAINTENANCE ASSOCIATION
3
4                              By: _____
5                              Print name: _____
6                              Title: _____
7
    APPROVED AS TO FORM:
8
9
   Dated: _____, 2011     LAW OFFICES OF PAUL L. REIN
10
11
12                             By: CATHERINE M. CABALO, ESQ.
                               Attorneys for Plaintiff
13                             IRVING GRIFFIN
14
15
   Dated: 2/23, 2011           BERGQUIST, WOOD & ANDERSON, LLP
16
17
18
                               By: DAVID ANDERSON, ESQ.
19                             Attorney for Defendant
                               WILLOW PASS ONE, LLC
20
21
22 Dated: _____, 2011      LELAND, PARACHINI, STEINBERG,
                               MATZGER & MELNICK, LLP
23
24
25                             By: STEVEN H. BOVARNICK, ESQ.
                               Attorney for Defendants
26                             JLD-WP, LLC; CALIFORNIA CHECK
                               CASHING, LLC; and CALIFORNIA CHECK
27                             CASHING, INC.
28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ

-11-

S:\CASES\W\WILLOW PASS\PLEADINGS\20110208 Consent Decree & Order (FINAL).wpd

1 | Dated: _____, 2011     DEFENDANT CSC PARKING
2 |                           MAINTENANCE ASSOCIATION
3 |
4 |                           By: _____
5 |                           Print name: _____
6 |                           Title: _____
7 | APPROVED AS TO FORM:
8 |
9 | Dated: _____, 2011     LAW OFFICES OF PAUL L. REIN
10 |
11 |
12 |                          By: CATHERINE M. CABALO, ESQ.
13 |                          Attorneys for Plaintiff
                             IRVING GRIFFIN
14 |
15 |
16 | Dated: _____, 2011    BERGQUIST, WOOD & ANDERSON, LLP
17 |
18 |
19 |                          By: DAVID ANDERSON, ESQ.
                             Attorney for Defendant
20 |                          WILLOW PASS ONE, LLC
21 |
22 | Dated: 2/10, 2011         LELAND, PARACHINI, STEINBERG,
                             MATZGER & MELNICK, LLP
23 |
24 |
25 |                          By: STEVEN H. BOVARNICK, ESQ.
                             Attorney for Defendants
26 |                          JLD-WP, LLC; CALIFORNIA CHECK
                             CASHING, LLC; and CALIFORNIA CHECK
27 |                          CASHING, INC.
28 |

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ

-12-

1  Dated: __2/9__, 2011

3  _/s/ John Bengtson_
4  JOHN D. BENGTSON, ESQ.
   Attorney for Defendant
5  CSC PARKING MAINTENANCE
   ASSOCIATION

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ

-12-

S:\CASES\W\WILLOW PASS\PLEADINGS\20110208 Consent Decree & Order (FINAL).wpd

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: March 8, 2011

_____
Honorable MARIA-ELENA JAMES
United States Chief Magistrate Judge

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
CASE NO. C10-01867 MEJ

-13-

S:\CASES\W\WILLOW PASS\PLEADINGS\20110208 Consent Decree & Order (FINAL).wpd